SCHOTT, Judge,
dissenting:
These parties did business with each other without disputes for some time until May 24, 1977, when an invoice was presented by plaintiff for repairs on a bulldozer owned by defendants. The ledger sheet on defendants’ account shows that it was paid in full until May 9, 1977, when plaintiff billed defendants for $7006.61 for repairs on another machine owned by defendants. Thus, when the second disputed invoice was submitted plaintiff showed defendants’ balance to be $13,212.66. Between June 30 and August 18 defendants paid $9000 on the account, leaving a balance of $4212.66. On August 20, plaintiff submitted three more bills to defendants for work that is not in dispute calling for payments in the amount of $1599.68, which brought the balance up to $5812.34. Between August 22, 1977, and September 25, 1978, defendants paid $3211.91 on the account, leaving a balance of $2600.43. Since both parties agree that the only disputed item was the $6206.05 it is clear that defendant paid $3605.62 on this disputed bill, leaving the balance sued on in the amount of $2600.43.
In his reasons for judgment, the trial court reasoned that the burden of proof was on the plaintiff to prove the disputed bill and it was required to offer the testimony of a witness and other corroborating circumstances in order to carry this burden. He continued:
“The testimony is in rather hopeless conflict. The plaintiff shows he did work on the machine. He testified that the engine cost more than $2500. The used engine, according to his invoice, was $1400 something and the other parts placed in there necessary for the machine to work came to over $3000. $3174.53 and labor $2776, and I imagine the balance is overhead and profit or taxes. However, I do not believe that the plaintiff has carried the burden of proof in proving that this was done as other work was done for the Corne account; as the other invoices he testified have regularly been paid. They were formerly friends and apparently fell out over this account. *886 Since they had been friends for some seven or eight years that they fell out over this account, there must have been some justifiable dispute .... The testimony of the plaintiff and the defendant are equal as to what the transaction was, one affirms and one denies. There have been no outside corroborating circumstances which would substantiate the plaintiff’s demand and the court holds that he has not carried his burden of proof by a preponderance of the evidence and accordingly the court will dismiss this suit.”
I respectfully disagree with the trial court as to the absence of corroborating circumstances to support plaintiff’s position and would find that the same circumstances left unexplained by defendants require that the judgment of the trial court be reversed. In the first place, defendant’s own action in making payments on the account contradicts his testimony that he agreed to pay only $2500.00. Had this been so there would have been a balance of $3706.05 on the account. Instead defendants paid $3605.62, and left a balance of $2600.43. Secondly, both parties agree that when the balance of $2600.43 was supposedly owed on the account defendant was willing to turn the machine over to plaintiff in payment of the invoice. To defendant, the machine in its original broken condition was worth $2500. He again admitted that after the repairs were made it was still worth $2500 and this approximates the amount of the claim. Plaintiff agreed to take the machine in payment but when he went to pick it up defendant had sold the machine and pocketed the proceeds. The record does not show how much he got for the machine. However, as the trial judge noted, plaintiff had expended over $3000 for engine parts alone not to mention considerable labor costs incurred in the repair of the machine after which the machine was worth at least $2500 to defendant but defendant subsequently sold the machine for an undisclosed amount. Thus, the trial court’s conclusion that there was no corroborating circumstances in support of plaintiff’s position is clearly wrong.
Accordingly, I would reverse the trial court and render judgment in favor of plaintiff and against defendant, Alwyn “Al” Corne Grading & Dozer Service, Inc. for $2600.43 plus interest and costs. I would not cast Corne, individually, in the judgment.